# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI, <br><br> Plaintiff, <br><br> vs. <br><br> UTAH HIGHWAY PATROL et al, <br><br> Defendants. | Case No. 2:13 cv 720 CW <br><br> **REPORT AND RECOMMENDATION** <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by Judge Clark Waddoups.[1] On August 8, 2013, Plaintiff Guy Domai who is proceeding pro se, filed a civil rights Complaint against a number of Defendants including the Utah Highway Patrol, Salt Lake Community College, Enterprise Rent-A-Car and Jason Beal.[2] On December 4, 2013, Mr. Domai filed an Amended Complaint against these same Defendants.[3] The Amended Complaint provides more details and facts surrounding the circumstances of this case. Before the Court are two motions filed by Plaintiff, a Motion for Service of Process[4] and a Motion for Extension of Time for service.[5] As set forth below, the Court recommends this case be dismissed for failure

---

[1] Docket no. 5.
[2] Docket no. 4.
[3] Docket no. 8.
[4] Docket no. 7.
[5] Docket no. 9.

to state a claim upon which relief may be granted. Therefore, the remaining motions filed by Plaintiff should be denied or deemed moot.

On August, 8, 2013, the Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6] Because Mr. Domai was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable. Under § 1915 the Court shall at any time, *sua sponte*, dismiss the case if the Court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[7] Generally the Court will not dismiss a complaint for failure to state a claim "'unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[8] In construing Mr. Domai's Complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[9]

Because Mr. Domai is acting pro se the Court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[10] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

---

[6] Docket no. 3.
[7] *See* 28 U.S.C. § 1915(e)(2).
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).
[9] *Id.*
[10] *See id.*

2

unfamiliarity with pleading requirements."[11]  But, it is not the Court's responsibility to assume the role of advocate for Mr. Domai.[12]  The broad reading of Mr. Domai's Complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[13]  And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[14] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[15]

With these principles in mind the Court now turns to Mr. Domai's Complaint.  Mr. Domai's allegations concern an incident that occurred in September 2012 at the Redwood Campus of Salt Lake Community College.[16]  Mr. Domai was seated in the cafeteria working on personal items when he was approached by two Utah Highway Patrol (UHP) officers.  The officers asked Mr. Domai to go outside with them where they proceeded to ask Plaintiff questions concerning the car he was driving.  The officers informed Mr. Domai that the car was listed as stolen and that they would need to place him under arrest.[17]  Plaintiff protested arguing that the car was a rental from Co-Defendant Enterprise Rent a Car.  Notwithstanding some evidence indicating that the car may have not been stolen, the officers placed Mr. Domai under

---

[11] *Id.*
[12] *See id.*
[13] *Id.*
[14] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).
[15] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).
[16] Amended Complaint p. 3, docket no. 8.
[17] *Id.*

arrest and took him to jail where Mr. Domai alleges he was released approximately 120 hours later.[18]

Charges were filed against Mr. Domai for third degree felony theft, but when he appeared at the scheduled court date and talked with the prosecutor the case was dismissed without proceeding to trial.[19] "The prosecutor requested the court to dismiss the charge and the state decided not to move forward in the case based on the evidence and information gathered . . . ."[20]

Plaintiff further alleges that it was Co-Defendant Jason Beal who called the UHP to inform them of his whereabouts which led to his arrest.[21] Mr. Domai asserts this was some sort of payback by Mr. Beal because he was angry at Plaintiff. Mr. Domai seeks compensatory damages in the amount of $300,000.00 and $300,000.00 for punitive damages for each of the named Defendants.

Based on the Court's broad reading of the Complaint, it appears Mr. Domai is noting a number of circumstances that have caused him some serious problems. While the Court is sympathetic to Mr. Domai's situation, there is nothing before the Court in the Complaint that presents a plausible cause of action. Plaintiff asserts causes of action for malicious prosecution pursuant to § 1983, wrongful initiation of criminal proceedings, first amendment retaliatory prosecution, criminal libel, slander, retaliatory prosecution, and "violations of constitution rights

---

[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 4.

for malicious prosecution."[22] The prosecution of Mr. Domai, however, was dropped and his case was dismissed. There is no evidence before the Court which persuades it to believe that the prosecution was malicious or retaliatory. In short, the facts set forth by Mr. Domai fail to state a claim upon which relief may be granted. Moreover, Mr. Domai has already amended his Complaint once, so there is no need to allow an additional opportunity to amend which would be futile based on the facts alleged.[23]

## RECOMMENDATION

For the forgoing reasons the Court RECOMMENDS that this case be DISMISSED. Plaintiff's motions for service of process and an extension of time[24] should be DENIED or deemed MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after

---

[22] *Id.*
[23] *McKinney*, 925 F.2d at 365.
[24] Docket no. 7, docket no. 9.

5

being served with a copy.[25] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30 January 2014.

_____
Brooke C. Wells
United States Magistrate Judge

---

[25] *See* Fed. R. Civ. P. 72(b)(2).